Case 2:10-cv-00288-PA-OP   Document 12   Filed 04/15/10   Page 1 of 2   Page ID #:114

SEND

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-288 PA (OPx) | Date | April 15, 2010 |
|---|---|---|---|
| Title | Arturo Martinez, et al. v. JPI Development Group, Inc. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Paul Songco | None | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     ORDER TO SHOW CAUSE

      The Court is in receipt of the First Amended Complaint ("FAC") filed by the fourteen plaintiffs ("Plaintiffs"), all current or former employees of defendant JPI Development Group, Inc. ("Defendant"). Plaintiffs seek unpaid wages and benefits under the Fair Labor Standards Act and the California Labor Code. Plaintiffs also bring a number of other claims under the California Labor Code, and seek recovery of compensation for missed meal periods, missed rest periods, restitution, statutory and civil penalties, declaratory and injunctive relief, and attorneys' fees and costs.

      Federal Rule of Civil Procedure 20(a)(1), which allows for permissive joinder, provides:

> Persons may join in one action as plaintiffs if:
> (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> (B) any question of law or fact common to all plaintiffs will arise in the action.

Fed. R. Civ. Proc. 20(a)(1); see also League to Save Lake Tahoe v. Tahoe Regional Planning Agency, 558 F.2d 914, 917 (9th Cir. 1977). "The first prong, the 'same transaction' requirement, refers to similarity in the factual background of a claim." Coughlin v. Rogers, 130 F.3d 1348, 1350 (9th Cir. 1997).

      Based on the factual allegations in the FAC, it does not appear that Plaintiffs' joint claims against Defendant arise out of the same transaction or occurrence. Plaintiffs are alleged to have been employed with Defendant during different time periods, and it appears that they were assigned to various different projects while employed with Defendant.

      The Court therefore orders Plaintiffs to show cause in writing, no later than May 6, 2010, why one or more parties should not be dropped from this case for improper joinder. See Fed. R. Civ. P. 18, 20, 21; see also Coughlin, 130 F.3d at 1351 (finding misjoinder where "[e]ach claim raises potentially

**SEND**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-288 PA (OPx) | Date | April 15, 2010 |
|---|---|---|---|

| Title | Arturo Martinez, et al. v. JPI Development Group, Inc. |
|---|---|

different issues, and must be viewed in a separate and individual light by the Court.").

In response to this Order to Show Cause, Plaintiffs may, if they so choose, file separate actions against Defendant, with new complaints and filing fees. Failure to respond to this order to show cause by May 6, 2010 will result in the dropping of all plaintiffs except for Arturo Martinez pursuant to Federal Rule of Civil Procedure 21.

The Scheduling Conference currently on calendar for April 19, 2010 is hereby continued to May 17, 2010 at 10:30 a.m.

IT IS SO ORDERED.